People v Fassett (2025 NY Slip Op 06224)

People v Fassett

2025 NY Slip Op 06224

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

113571
[*1]The People of the State of New York, Respondent,
v
John E. Fassett, Appellant.

Calendar Date:October 3, 2025

Before:Garry, P.J., Clark, Pritzker, Lynch and Fisher, JJ.

Rebekah Nellis Kennedy, Loudonville, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered September 17, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree, and (2) from a judgment of said court, rendered August 11, 2022, which resentenced defendant.
Defendant waived indictment and pleaded guilty to a superior court information charging him with criminal possession of a weapon in the third degree and agreed to waive his right to appeal. Defendant was initially sentenced, as a second felony offender, to a prison term of seven years, to be followed by three years of postrelease supervision; however, upon discovery that the period of postrelease supervision was unauthorized for a second felony offender, defendant was resentenced to the same seven-year prison term, to be followed by five years of postrelease supervision. Defendant appeals from the original judgment of conviction, as well as the judgment resentencing him.
Defendant's challenge to the validity of the waiver of his right to appeal is unpersuasive. The substantially similar colloquy and identical written waiver have previously been found by this Court to be valid (see People v Lewis, 234 AD3d 1209, 1209-1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]; People v Gonzalez, 234 AD3d 1186, 1186-1187 [3d Dept 2025]; People v Brown, 227 AD3d 1281, 1281-1282 [3d Dept 2024], lv denied 42 NY3d 969 [2024]; People v Wint, 222 AD3d 1050, 1050-1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]). The record reflects that defendant assured County Court that he understood that the appeal waiver was part of the plea agreement and that it was separate and distinct from the rights discussed in connection with his guilty plea. In addition, defendant acknowledged that, prior to signing the written appeal waiver, he had reviewed it with counsel, who had answered all his questions, and that he understood its content, which specifically delineated certain appellate rights that survived. Accordingly, we are satisfied that the record reflects that defendant's waiver of his right to appeal was knowing, voluntary and intelligent (see People v Gonzalez, 234 AD3d at 1187; People v Brown, 227 AD3d at 1282). Given the valid appeal waiver, defendant's challenge to the perceived severity of the sentence imposed is foreclosed (see People v Rowe, 239 AD3d 1202, 1202 [3d Dept 2025], lv denied 44 NY3d 984 [2025]; People v Berry, 236 AD3d 1199, 1200 [3d Dept 2025]; People v Brown, 227 AD3d at 1282).[FN1]
Garry, P.J., Clark, Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Defendant does not raise any challenge related to his resentencing.